## S. & L. BUILDING CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36950.   Promulgated April 30, 1930.

George W. Perper, C. P. A., for the petitioner.
F. R. Shearer, Esq., for the respondent.

## OPINION.

BLACK: In the recent case of *Julia Stow Lovejoy*, 18 B. T. A. 1179, we held that fees, commissions, and expenses in obtaining a loan on a mortgage were in the nature of capital expenditures and were not deductible in full in the year when paid or incurred, but should be spread proportionately over the term of the mortgage. That case is controlling here and the contention of petitioner that the mortgage fees should be deducted in the year when paid is denied in so far as such mortgage fees were paid in securing loans extending beyond the period of one year.

But the further question arises in this proceeding: How should the unamortized portion of these mortgage fees be treated in the year when the mortgaged property is sold and the mortgage is assumed by the purchaser? Should such unamortized portion of such fees be fully charged off in the year in which the sale is made, or should it at the time of sale be added to the capital cost of the property and in that manner be recovered tax-free by the seller in reducing his profits on the sale?

There would be no difference in either method so far as the taxpayer's net income is concerned, if the sale is one where all the profit must be reported in the year of sale; but if the transaction is an installment sale under the statute, so that the period of reporting the profit on the sale may be spread over a period of years, then the practical effect of including unamortized mortgage fees as a capital adjustment is to spread the deduction over the period during which the taxpayer is receiving the deferred payments and reporting the income from them. Now which is the correct method? The Commissioner contends that the unamortized mortgage fees should be added to the cost of the property and in that way be recovered tax free by the seller in the sale.

Mortgage fees paid to secure loans such as those involved in this proceeding do not represent cost of property, but represent cost of the use of money borrowed. The purposes of the loans involved in this proceeding were to pay off existing mortgages on properties, to pay current obligations in the form of notes and open accounts to contractors for construction work, to purchase additional properties, and to pay general operating expenses of the company. The cash received from these loans was merged with other cash received from rental income, sale of properties and other sundry income and out of the entire cash funds withdrawals were made from time to time for the above mentioned purposes. Under such circumstances we think it would be altogether improper to say that the mortgage fees paid to secure such loans represented a part of the cost of the property mortgaged.

If A owns an apartment house worth $100,000 and needs some money and borrows $50,000 due in ten years, and puts his apartment house up as security, and in addition to the regular rate of interest pays a $5,000 mortgage fee to get the money, under such circumstances we have held that he can not take the $5,000 as a deduction in the year that the loan is made and the mortgage fee is paid but the deduction must be spread over the life of the loan. Cf. *Chicago, Rock Island & Pacific R. R. Co.*, 13 B. T. A. 988; *United States Playing Card Co.*, 15 B. T. A. 975. But when A comes to sell his apartment house the year following the year in which the loan was made and the purchaser agrees to assume the mortgage, A does not add the $5,000 mortgage fee to the cost of his house. It has nothing to do with the cost of his house. He, having shifted the burden of his mortgage to other shoulders, stands in the same situation as if he had paid it off and therefore should be allowed to deduct the remaining portion of his unamortized mortgage fees.

In the instant case it is shown by stipulation of the parties that the petitioner accrued these items of mortgage fees on its books as

"prepaid raising mortgage expense" and capitalized them thus and amortized them by way of deductions from income at rates which were properly related to the length of the loan.

It is further shown by stipulation of the parties that in the case of sale of any of the mortgaged property, the unamortized portion of the mortgage fees relating thereto was written off at the time of such sale. We think that is the proper accounting method and the Commissioner should use it in computing the net income of the taxpayer for the respective years involved in this proceeding.

Petitioner alleges that respondent erred in his computation of profit on the installment sale basis on the two properties located at 82nd Street and Broadway and at 83rd Street and Broadway, and relies on the case of *Schneider, Trustee of Bagby-Howe Drug Co.* v. *Lucas*, decided August 3, 1929, Western District of Kentucky. This Board, in *Pacheco Creek Orchard Co.*, 12 B. T. A. 1358, and *Dalraida Realty Co.*, 5 B. T. A. 905, had before it the construction of section 212 (d) of the Revenue Act of 1926, and Regulations 69, articles 42–46, made in pursuance thereof, and we there held that the total contract price is the consideration named in the original agreement less the mortgage on the property, and that the sum thus found is to be used as the basis for the computation of percentage of profit. We think that is a correct interpretation of the statute, and we approve the action of the Commissioner in so treating it.

Relative to the claim for deduction of the sum of $3,336.81 from income for 1924, petitioner claims that this item should properly have been included in its income for 1922 and should therefore be excluded from income for 1924. It claims that this was an error or neglect of its own accounting and should now be corrected.

It returned this sum as income for 1924, and it was so accepted by the respondent. It has not been shown that this was erroneous or unfair or that it did not clearly reflect petitioner's income. As petitioner made its return on the basis of its own system of accounting, we are of opinion that the respondent was correct in not eliminating this item. A similar principle was involved in *Charleston & Western Carolina Railway Co.*, 17 B. T. A. 569, where the railway company had accrued wages in one year, and which when unclaimed were credited to profit and loss in a later year, it was held to constitute income in the year when credited to profit and loss.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*